# CREEL v. CREEL.

HUSBAND AND WIFE; SEPARATION; EVIDENCE; WITNESSES; EXAMINATION
BY COURT; ALIMONY.

1. Decree of separation in favor of a wife, upon evidence tending to cor-
   roborate her testimony as to defendant's cruelty, which he attempt-
   ed to meet, *held* not erroneous.

2. The provision of sec. 971, D. C. Code (31 Stat. at L. 1345, chap. 854),
   forbidding the granting of a divorce for any cause occurring outside
   of, and prior to residence in, the District of Columbia, is not ap-
   plicable to an action for separation based upon acts occurring in
   the District while the parties reside therein, and therefore does not
   render inadmissible evidence of occurrences, in their prior residence,
   outside the District, tending to show a course of conduct commenc-
   ing there and culminating in the District, and throwing light upon
   the evidence of acts committed therein.

3. The examination of the defendant in an action for separation, upon his
   taking the stand in his own behalf, by the court, at some length,
   before counsel has been given an opportunity to question him, and
   the court's expression, at the end of the examination, of its lack of
   confidence in the witness, does not constitute error, where the trial
   is before the court without a jury, and the examination is with
   reference to acts clearly established ·by evidence before the court,
   and counsel is permitted to have the witness again describe those
   incidents, and where the court is justified in concluding from his
   answers to its questions that the testimony of the witness is not
   entitled to credit.

4. An award of $6 per week alimony in a decree of separation is not ex-
   cessive, where the husband is earning about $18 per week.

No. 2707.   Submitted December 10, 1914.   Decided January 4, 1915.

HEARING on an appeal by the defendant from a decree of
the Supreme Court of the District of Columbia granting a
divorce *a mensa et thoro* and alimony.          *Affirmed.*

The facts are stated in the opinion.

*Mr. H. R. Burton* and *Mr. W. S. Culbertson* for the appellant.

*Mr. Michael C. O'Brien* and *Mr. Edward L. Gies* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decree in the supreme court of the District granting a divorce *a mensa et thoro,* in accordance with the prayer of appellee's petition, and alimony of $6 per week.

The parties were married in November, 1912, lived at Baltimore, Maryland, until the 25th of May, 1913, and then removed to Washington, where they lived together until the latter part of January, 1914, when Mabel Violet Creel, the appellee, left John A. Creel, the appellant, and filed this petition February 2d following. The case was heard in open court; and the evidence tended to show that trouble occurred in Baltimore not long after the marriage. There was evidence tending to corroborate the appellee's testimony that on several occasions after the parties removed to this jurisdiction the appellant committed acts of cruelty. While appellant attempted to meet this evidence, we are not prepared to say that the court committed error in reaching the conclusion that appellee was entitled to a decree.

It is urged that the court erred in admitting evidence of occurrences in Baltimore, because sec. 971 of the Code [31 Stat. at L. 1345, chap. 854] forbids the granting of a divorce to any person who has not been a bona fide resident of the District for a least three years next before the application therefor, "for any cause which shall have occurred out of said District and prior to residence therein." This provision is not applicable to this case, for the reason that the acts relied upon occurred in the District of Columbia while the parties were residing therein. The evidence tended to show a course of conduct commencing in Baltimore and culminating in this District. In other words, the occurrences there throw light upon the evidence of acts committed here. The statute in no

way changes the rules of evidence, but is designed primarily to prevent this jurisdiction from becoming a haven for those seeking divorce.

The appellant was called to testify in his own behalf, and it is assigned as error that the court then, before counsel had been given an opportunity to question him, interrogated him at some length, finally expressing lack of confidence in the witness. It must be remembered that this was trial before the court, and not before a jury. There was evidence before the court clearly establishing certain acts, and it was with reference to those acts that the court interrogated appellant. From appellant's answers to the court's questions the court finally concluded that his testimony was not entitled to credit, and we think the court was justified in that conclusion. Notwithstanding the court's conclusion, however, counsel for the appellant asked and were accorded the privilege of having "him describe those incidents again."

Inasmuch as appellant was earning about $18 per week, we do not think there is any ground for his objection to the award of alimony.

The decree is affirmed, with costs.                *Affirmed.*